IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 20-cv-01790-PAB-STV

JOSHUA GESS,

    Plaintiff,

v.

USMS and
10TH CIRCUIT DISTRICT COURT,

    Defendants.
_____

**ORDER**
_____

    This matter is before me on plaintiff's Motion for Reassignment of Judge [Docket No. 20] and Renewed Motion for Judge Brimmer to Recuse Himself [Docket No. 76]. In both motions, plaintiff asks that I recuse myself from this case.[1]  Because plaintiff is *pro se*, I construe his motions liberally without acting as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

    In support of his motion, plaintiff argues generally that "[a]n automatic presumption of bias attaches" because the Court is "a party via proxy" in this case. Docket No. 20. Similarly, in his renewed motion, plaintiff argues that, as a "named defendant" I can "no longer remain neutral" in this case. Docket No. 76.[2]

---

[1] Plaintiff also requests my reassignment from a parallel case, 20-cv-01787. That case has been dismissed, so plaintiff's request is moot.

[2] For similar reasons, plaintiff requested that I recuse myself from his criminal case, 19-cr-00507. I denied that motion. *See United States v. Gess*, No. 19-cr-00507, Docket No. 211.

I construe plaintiff's motion as arising under 28 U.S.C. § 455(a).[3] Section 455(a) states that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The standard is "purely objective" and the inquiry is "limited to outward manifestations and reasonable inferences drawn therefrom." *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993). The decision to recuse is committed to the sound discretion of the district court. *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992) (citation omitted). A judge has an obligation not to disqualify himself unnecessarily. *See Cooley*, 1 F.3d at 994.

I will deny the motion. The named defendants in this case are the "10th Circuit District Court" and "USMS" – presumably, the United States Marshals Service. Docket No. 5 at 1. As I am not personally named as a defendant and the only relief plaintiff seeks is release from pretrial detention, I perceive no "personal interest" in this case which would lead to a conflict of interest. Even if I was personally named, "[a] judge is not disqualified merely because a litigant sues or threatens to sue him." *See United States v. Grismore*, 564 F.2d 929, 933 (10th Cir. 1977); *see also Arunachalam v. Pazuniak*, 2016 WL 7042113, at *1 (D. Del. Sept. 15, 2016) ("Our system is not so feeble that a litigant who wants a change in the presiding judge, and has no legitimate basis for seeking recusal, can file meritless recusal motions, and, when the motions are

---

[3] A party may also move for recusal under 28 U.S.C. § 144. However, that statute requires the moving party to submit a timely and sufficient affidavit of personal bias and prejudice. *See Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997). Defendant has not submitted such an affidavit.

denied, file a baseless lawsuit against the judge and force the recusal of the judge."). Thus, plaintiff has not demonstrated any appearance of impartiality or bias that would result from me continuing to preside over his case. Accordingly, it is

**ORDERED** that plaintiff's Motion for Reassignment of Judge [Docket No. 20] is **DENIED**. It is further

**ORDERED** that plaintiff's Renewed Motion for Judge Brimmer to Recuse Himself [Docket No. 76] is **DENIED**.

DATED September 21, 2020.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge