IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-01790-PAB-STV

JOSHUA GESS,

    Plaintiff,

v.

USMS and
10TH CIRCUIT DISTRICT COURT,

    Defendants.

## ORDER

Entered By Magistrate Judge Scott T. Varholak

This matter is before the Court on the following: (1) Plaintiff's requests for the appointment of pro bono counsel [#7, #62 at 2; #64][1]; (2) Plaintiff's Motion Requesting an Independent Investigation by the FBI and DOJ (the "Motion for Investigation") [#70]; (3) Plaintiff's Motion to Appoint Special Counsel (the "Motion for Special Counsel") [#77]; and (4) Plaintiff's Motion for an Order to Show Cause (the "Motion for Order") [#98], which have all been referred to this Court [#72, 79, 98]. This Court has carefully considered the Motions and request for pro bono counsel and related briefing, the case file, and the

---

[1] Plaintiff's requests for the appointment of counsel were contained within Plaintiff's motions for preliminary injunction [#7, 62] and Plaintiff's Motion to Amend Complaint [#64], which were referred to this Court [#12, 63, 65]. Contemporaneous with the filing of this Order, this Court is issuing a Recommendation on the motions for preliminary injunction, Motion to Amend Complaint, and other pending motions in the case, but issues this order on the request for pro bono counsel as this Court may decide that request directly.

applicable case law, and has determined that neither further briefing nor oral argument would materially assist in the disposition of the Motions.[2]  The Court addresses each request in turn below.[3]

## I.     REQUEST FOR PRO BONO COUNSEL

Plaintiff seeks the appointment of pro bono counsel.  [#7, #62 at 2; #64]  The determination of whether to appoint counsel in a civil case is left to the sound discretion of the district court.  *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).  In deciding whether to request counsel for a civil litigant, the district court should evaluate "the merits of a [litigant's] claims, the nature and complexity of the factual and legal issues, and the [litigant's] ability to investigate the facts and present his claims."  *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (citations omitted).  Under Local Rule of Practice 15(f)(1)(B), the Court applies the following factors and considerations in reviewing a motion for appointment of counsel in a civil action: 1) the nature and complexity of the action; 2) the potential merit of the *pro se* party's claims; 3) the demonstrated inability of the unrepresented party to retain an attorney by other means; and 4) the degree to which the interests of justice will be served by appointment of

---

[2] *See* D.C.COLO.LCivR 7.1(d) ("Nothing in this rule precludes a judicial officer from ruling on a motion at any time after it is filed.").

[3] In considering Plaintiff's Motions, the Court is mindful that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)).  "The *Haines* rule applies to all proceedings involving a pro se litigant." *Id.* at 1110 n.3.  The Court, however, cannot be a pro se litigant's advocate.  *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).  Moreover, pro se parties must "follow the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (quoting *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir.1992)).

counsel, including the benefit the Court may derive from the assistance of the appointed counsel. D.C.COLO.LAttyR 15(f)(1)(B). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill*, 393 F.3d at 1115 (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)). "Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned." *Id.* (quoting *McCarthy*, 753 F.2d at 839).

The Court therefore considers Plaintiff's request for the appointment of pro bono counsel in light of the factors identified in *Hill* and D.C.COLO.LAttyR 15(f)(1)(B). Contemporaneously with the filing of this Order, this Court is issuing a Recommendation on Defendants' Motion for Summary Judgment [#58] and Defendants' Motion to Dismiss [#56] that recommends Plaintiff's lawsuit be dismissed for failure to exhaust his administrative remedies, lack of subject matter jurisdiction as to Plaintiff's claims against Defendant District Court, and failure to state a viable claim for relief under the Prison Litigation Reform Act of 1995. Having concluded that Plaintiff's claims lack merit and must be dismissed, the Court finds that Plaintiff's request for the appointment of counsel should be denied.[4]

---

[4] As explained in the Recommendation, Plaintiff's failure to exhaust requires dismissal because "an inmate is not permitted to exhaust administrative remedies during the pendency of litigation." *Nellson v. Barnhart*, No. 20-CV-00756-PAB-NYW, 2020 WL 6204275, at *2 (D. Colo. Oct. 22, 2020); *see also Braxton v. Zavaras*, 614 F.3d 1156, 1161 (10th Cir. 2010) ("Under the [PLRA], plaintiffs were required to exhaust all available administrative remedies *prior to filing this suit* in federal court." (emphasis added)). "Since the PLRA makes exhaustion a precondition to *filing* a suit, an action brought before administrative remedies are exhausted must be dismissed without regard to concern for judicial efficiency." *Ruppert v. Aragon*, 448 F. App'x 862, 863 (10th Cir. 2012) (emphasis in original).

Further, the Court notes that Plaintiff is represented by counsel both in the underlying criminal case in this District, *United States v. Gess*, No. 19-cr-00507-PAB (the "Criminal Case"), and in Plaintiff's appeal to the Tenth Circuit of the detention order that was issued in the criminal case, *United States v. Gess*, No. 20-1353. In the instant action, the only relief Plaintiff seeks is "[i]mmediate release [from] pretrial detention."  [#5 at 6] Such relief is not available in this civil action and instead must be obtained in the criminal case. *See, e.g.*, *Medina v. Choate*, 875 F.3d 1025, 1029 (10th Cir. 2017) ("adopt[ing] the general rule that [habeas corpus] is not a proper avenue of relief for federal prisoners awaiting federal trial"); *Basri v. Barr*, 469 F. Supp. 3d 1063, 1070 (D. Colo. 2020) (finding that "[a] petition for writ of habeas corpus is the exclusive means" of obtaining relief from detention); 18 U.S.C. § 3626(a)(3)(A), (B) (establishing that a prisoner release order "shall be entered only by a three-judge court" after a finding that "(i) a court has previously entered an order for less intrusive relief that has failed to remedy the [alleged violation]; and (ii) the defendant has had a reasonable amount of time to comply with the previous court orders"); *Muhtorov v. Choate*, 697 F. App'x 608, 609 (10th Cir. 2017) (affirming trial court's dismissal of habeas petition because the alleged constitutional violations were "being pursued in the criminal case and [the criminal] court's adverse decisions could be appealed"); *McCarson v. Reherman*, No. CV22001386HMHMGB, 2020 WL 2110770, at *2 (D.S.C. May 4, 2020) (finding that emergency motion in habeas case seeking release to home confinement "necessarily involve[d] [the petitioner's] sentence from her underlying criminal conviction" and thus "should be adjudicated under her criminal case").

Accordingly, Plaintiff's requests for the appointment of pro bono counsel are DENIED.

## II.     MOTION FOR INVESTIGATION

Through the Motion for Investigation, Plaintiff moves for the Court to "request an impartial investigation by the FBI and DOJ" of the Assistant United States Attorneys (the "AUSAs") prosecuting the Criminal Case against Plaintiff.  [#70]  Plaintiff alleges that the AUSAs in his Criminal Case "retaliate[ed] against [Plaintiff] for exercising his constitutional rights by threatening [Plaintiff] with [an] extended Federal Prison sentence if he did not dismiss this case." [*Id.*]  Elsewhere in the record, Plaintiff explains that his attorney in the Criminal Case "told [Plaintiff] no further plea bargains would be offered in [the Criminal Case]" and that the plea deal that was being offered at that time "would require [Plaintiff] to dismiss this case with prejudice."[5]   [#71]  Plaintiff contends—without citation to authority—that the AUSAs' conduct is not "legal, lawful, moral or ethical."  [#70]

As an initial matter, Plaintiff fails to identify under what rule or other legal authority he seeks an order of the Court referring this matter for investigation by the FBI or DOJ. For this reason alone, Plaintiff's Motion for Investigation should be denied.  *See* D.C.COLO.LCivR 7.1(d) (requiring that a motion raising "a contested issue of law [to] state under which rule or statute it is filed and be supported by a recitation of legal authority").

---

[5] Plaintiff filed a proposed Plea Agreement into the record, which includes a proposed term requiring Plaintiff to "dismiss with prejudice Civil Action No. 20-cv-01790-PAB-STV." [#79 at 1]

Regardless, the record fails to demonstrate any misconduct on the part of the AUSAs.  As Chief Judge Brimmer explained to Plaintiff in the Criminal Case,

> A defendant is not entitled to any particular plea bargain. *See Weatherford v. Bursey*, 429 U.S. 545, 561 (1977) (noting that "there is no constitutional right to plea bargain"); *Williams v. Jones*, 571 F.3d 1086, 1103 (10th Cir. 2009) (Gorsuch, J., dissenting) ("[P]lea bargaining is a matter of prosecutorial grace, not right or entitlement."). [Plaintiff] cites no authority to indicate that the government may not include, as a condition of a plea agreement, a requirement that a defendant dismiss a separate civil action that is related to his criminal case insofar as it seeks defendant's pretrial release.

[Criminal Case, #211 at 3]  Moreover, "Congress has by statute conferred the power to prosecute crimes in the name of the United States on the United States Attorney General and his delegates" and "such power is exclusive" to the Executive Branch. *Smith v. Krieger*, 389 F. App'x 789, 798–99 (10th Cir. 2010); *see also United States v. Nixon*, 418 U.S. 683, 693-94 (1974) (finding that "the Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case" and "Congress has vested in the Attorney General the power to conduct the criminal litigation of the United States Government").

Accordingly, the Motion for Investigation [#70] is DENIED.

### III.  MOTION FOR SPECIAL COUNSEL

Through the Motion for Special Counsel, Plaintiff requests the "appointment of special counsel" based upon the AUSAs' alleged misconduct in the Criminal Case—*i.e.*, offering Plaintiff a plea agreement that required Plaintiff to dismiss with prejudice this civil case.  [#77]

6

As an initial matter, Plaintiff fails to identify under what rule or other legal authority he seeks an order of the Court appointing a special counsel. For this reason alone, Plaintiff's Motion for Special Counsel should be denied. *See* D.C.COLO.LCivR 7.1(d) (requiring that a motion raising "a contested issue of law [to] state under which rule or statute it is filed and be supported by a recitation of legal authority").

Regardless, as explained above, Plaintiff has not demonstrated any misconduct by the AUSAs in his Criminal Case and Plaintiff offers no explanation for why any alleged misconduct of the AUSAs in the Criminal Case requires the appointment of special counsel in this civil action. Plaintiff's request for the appointment of special counsel in the Criminal Case was denied. [Criminal Case, #211 at 3]

Accordingly, the Motion for Special Counsel [#77] is DENIED.

## IV.   MOTION FOR ORDER

In the Motion for Order, Plaintiff notes that various motions are pending before the Court and "moves for an order to show cause why the relief sought should not be immediately granted." [#98 at 1] In particular, Plaintiff requests action on his requests for (1) an emergency hearing, (2) the appointment of counsel, and (3) Plaintiff's request to amend his complaint to assert a class action. [*Id.*]

As an initial matter, Plaintiff fails to identify under what rule or other legal authority he seeks an order to show cause. For this reason alone, Plaintiff's Motion for Order should be denied. *See* D.C.COLO.LCivR 7.1(d) (requiring that a motion raising "a

7

contested issue of law [to] state under which rule or statute it is filed and be supported by a recitation of legal authority").

To the extent the Motion for Order seeks a status update on his pending motions or requests that the Court take action upon them, the Motion for Order is moot as the Court has addressed all of Plaintiff's outstanding motions in this Order and the Recommendation filed concurrently herewith.

Accordingly, the Motion for Order [#98] is DENIED.

## V.     CONCLUSION

For the foregoing reasons, **IT IS ORDERED**:

(1)     Plaintiff's requests for the appointment of pro bono counsel are **DENIED**;

(2)     Plaintiff's Motion Requesting an Independent Investigation by the FBI and DOJ [#70] is **DENIED**;

(3)     Plaintiff's Motion to Appoint Special Counsel [#77] is **DENIED**; and

(4)     Plaintiff's Motion for an Order to Show Cause [#98] is **DENIED**.


DATED: December 10, 2020                    BY THE COURT:

                                            s/Scott T. Varholak_____
                                            United States Magistrate Judge

8