IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 20-cv-01790-PAB-STV

JOSHUA GESS,

     Plaintiff,

v.

USMS and
10TH CIRCUIT DISTRICT COURT,

     Defendants.
_____

# ORDER
_____

This matter comes before the Court on two orders by United States Magistrate Judge Scott T. Varholak, both entered on December 10, 2020. In the first, Docket No. 102, the magistrate judge recommends granting defendants' Motion for Summary Judgment [Docket No. 58] and denying as moot several other motions of plaintiff. Docket No. 102 at 51. In the second order, Docket No. 101, the magistrate judge denied plaintiff's requests for appointment of pro bono counsel [Docket Nos. 7, 62, 64], Motion Requesting an Independent Investigation by the FBI and DOJ [Docket No. 70], Motion to Appoint Special Counsel [Docket No. 77], and Motion for Order to Show Cause [Docket No. 98]. Docket No. 101. Plaintiff filed a timely objection[1] to both orders

---

[1] Plaintiff's objection was filed with the Court on December 30, 2020, Docket No. 103, six days past the deadline to file an objection. *See* Fed. R. Civ. P. 72(b)(2). However, "legal mail" and "12-22-20" are written on the envelope, Docket No. 103 at 5, satisfying the prison mailbox rule. *See Price v. Philpot*, 420 F.3d 1158, 1163-64 (10th Cir. 2005) (prisoner's filing may be considered timely if given to prison officials for mailing before the filing deadline).

and defendants filed a response. Docket Nos. 103, 104. The Court must construe plaintiff's filing liberally because he is a pro se litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). However, the Court should not act as a pro se litigant's advocate. *Hall*, 935 F.2d at 1110.

## I. BACKGROUND[2]

This cases arises out of plaintiff's pretrial detention at the Federal Detention Center ("FDC") in Englewood, Colorado. See Docket No. 5 at 4.

### A. Criminal Case

On December 5, 2019, plaintiff was indicted on charges of (1) possession of a firearm and ammunition by a felon; (2) possession with intent to distribute 50 grams or more of methamphetamine (mixture); and (3) possession of a firearm in furtherance of a drug trafficking crime. *United States v. Gess*, No. 19-cr-00507-PAB-STV, Docket No. 1 at 1-2.[3] On December 9, 2019, plaintiff was arrested. *Id.*, Docket No. 4. On December 13, 2019, the magistrate judge ordered him detained. *Id.*, Docket No. 11. Plaintiff did not contest detention, but reserved the argument if circumstances changed. *Id.*, Docket No. 10. On January 23, 2020, the grand jury returned a superseding indictment charging plaintiff with (1) possession of a firearm and ammunition by a felon; (2) possession with intent to distribute 5 grams and more of methamphetamine (actual); and (3) possession of a firearm in furtherance of a drug trafficking crime. *Id.*, Docket

---

[2] The magistrate judge's recommendation provides extensive background of this case, *see* Docket No. 102 at 2-9, and the Court will not repeat it except as relevant to considering plaintiff's objections.

[3] All docket citations are to this case, No. 20-cv-01790-PAB-STV, unless otherwise indicated.

No. 86. On April 22, 2020, plaintiff, through counsel, filed a motion for reconsideration of his pretrial detention order. *Id.,* Docket No. 152. Plaintiff filed additional supplements to the motion pro se and through counsel. *See id.,* Docket No. 195 at 3-6 (describing supplements and pro se letters filed). On August 19, 2020, the magistrate judge denied the motion for reconsideration and declined to hold a detention hearing. *Id.* at 11. On September 30, 2020, plaintiff filed a pro se notice of appeal of the denial of the motion for reconsideration in the Tenth Circuit Court of Appeals. *Id.*, Docket No. 225. On December 29, 2020, plaintiff pled guilty to count one of the superseding indictment. *Id.*, Docket No. 265. On January 11, 2021, the Tenth Circuit denied plaintiff's appeal as moot in light of his guilty plea. *Gess*, No. 19-cr-00507-PAB-STV, Docket No. 273.

    **B.  Habeas Case**

On June 10, 2020, plaintiff filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *Gess v. 10th Circuit Dist. Ct. of Colo.*, No. 20-cv-01787-PAB, Docket No. 1. Plaintiff argued that his constitutional rights were being violated because he was denied a detention hearing. *Id.* On June 23, 2020, plaintiff filed an amended petition seeking immediate release due to the allegedly inadequate COVID-19 procedures at the FDC and plaintiff's elevated risks of a severe outcome were he to contract COVID-19 due to his medical conditions. *Id.*, Docket No. 7. On July 8, 2020, the Court dismissed the action because plaintiff's claim attacked the conditions of confinement and § 2241 was not the proper vehicle for such a claim. *Id.*, Docket No. 10 at 2.

**C. Case No. 20-cv-01790**

On July 1, 2020, plaintiff filed the instant case bringing claims against the USMS and the 10th Circuit District Court[4] ("District Court") asserting violations of his Fifth, Eighth, and Fourteenth Amendment rights pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).  Docket No. 5.  Plaintiff's complaint explains his medical issues and describes the COVID-19 situation at the FDC.  *Id*. at 4-6.  The complaint seeks an emergency hearing and immediate release on pretrial detention.  *Id.* at 6.

On July 1, 2020, plaintiff filed a motion for emergency hearing by telephone or video, Docket No. 7, which the magistrate judge construed as a motion for preliminary injunction.  Docket No. 102 at 7.  On August 27, 2020, defendants filed a motion to dismiss and a motion for summary judgment.  Docket Nos. 56, 58.  On the same day, plaintiff filed two additional motions seeking immediate release and a hearing.  Docket Nos. 61, 62.  On August 31, 2020, plaintiff filed his first motion to amend, Docket No. 64, and on September 16, 2020, plaintiff filed a second motion to amend.  Docket No. 71.  Also on September 16, 2020, plaintiff filed a motion for a temporary restraining order to prevent the Assistant U.S. Attorneys ("AUSAs") from prosecuting the criminal case against him.  Docket No. 69.  On September 17, 2020, plaintiff filed a motion for a change of venue.  Docket No. 78.  On October 21, 2020, plaintiff filed a petition for order for pro se access to the law library for adequate periods of time.  Docket No. 89.  The magistrate judge granted defendants an extension of time to respond to the motion

---

[4] The Court construes this to be a reference to the United States District Court for the District of Colorado.

for access to the law library until such time as the magistrate judge set a new deadline to respond, if necessary. Docket No. 95. Plaintiff objected to this order. Docket No. 97.

On December 10, 2020, the magistrate judge entered an order which, *inter alia*, denied plaintiff's requests for the appointment of pro bono counsel. Docket No. 101. Also on December 10, 2020, the magistrate judge filed a recommendation [Docket No. 102 at 51] that this Court grant defendants' motion for summary judgment, Docket No. 58, and deny as moot the defendants' motion to dismiss, Docket No. 56, plaintiff's motions for preliminary injunction, Docket Nos. 7, 61, 62, plaintiff's motions to amend, Docket Nos. 64, 71, plaintiff's motions for a temporary restraining order, Docket Nos. 69, 89, and plaintiff's motion to change venue. Docket No. 78. The recommendation indicates that, if the Court does not grant the motion for summary judgment, the magistrate judge recommends (a) granting the motion to dismiss to the extent it seeks dismissal of the District Court on the basis of sovereign immunity and to the extent it seeks dismissal of plaintiff's claims against USMS as barred by the PLRA and (b) denying the remaining motions on the merits. *Id.* Plaintiff objects to portions of the magistrate judge's December 10, 2020 order and recommendation. Docket No. 103.

## II. ANALYSIS

### A. Mootness

#### 1. Motions

Plaintiff's guilty plea has rendered moot many of the motions in this case. Plaintiff filed three motions for a preliminary injunction seeking an emergency hearing

and immediate release from pretrial detention.  *Gess v. USMS*, No. 20-cv-01790-PAB-STV, Docket No. 7 at 1; Docket No. 61 at 1; Docket No. 62 at 2.  Plaintiff argues that his medical conditions place him at a heightened risk if he contracts COVID-19.  *See id*.  Plaintiff is no longer a pretrial detainee, and thus his motions for pretrial release are moot.

Plaintiff filed a motion for a temporary restraining order ("TRO") to prevent AUSAs Kelly Rose Churnet ("Ms. Churnet") and Edwin Garreth Winstead, III (Mr. Winstead") from "proceeding in this [case] and criminal matter 19cr507."  Docket No. 69 at 1.  Plaintiff has pled guilty in the criminal case, rendering moot his motion to stop the prosecution.[5]

Plaintiff filed a motion to change venue because his suit against the district court creates a conflict of interest and Ms. Churnet and Mr. Winstead improperly conditioned a plea bargain in plaintiff's criminal case on plaintiff dismissing this civil case.  Docket No. 78 at 1.  The plea agreement in plaintiff's criminal case did not contain a requirement that Mr. Gess dismiss this civil case, rendering moot this portion of his venue motion.  *See Gess*, No. 19-cr-00507-PAB-STV, Docket No. 266.

Plaintiff filed a TRO for access to the law library.  *USMS*, No. 20-cv-01790-PAB-

---

[5] On October 2, 2020, defendants filed a motion for an extension of time to respond to Docket Nos. 69, 70, 71, 77, and 78 until a date set by the Court, Docket No. 84, which the magistrate judge granted on October 8, 2020.  Docket No. 86.  On October 21, 2020, plaintiff submitted a filing titled Objection to AUSA's Position Re: Summary Judgment and Continuance.  Docket No. 90.  Because a portion of the filing states that plaintiff "wholly objects to any continuances, [sic] a continuance negates the essence of emergency hearing," *id.*, the Court will construe it as an objection to the magistrate judge's order granting an extension of time for defendants to respond.  However, the magistrate judge has now filed a recommendation on these motions, rendering plaintiff's objection moot.

6

STV, Docket No. 89 at 1.  He alleges that there are only two terminals providing access to legal resources, but that these terminals are also used for other inmate services.  *Id.*  As such, he cannot get access to them for adequate periods of time.  *Id.*  Additionally, plaintiff claims that the terminals are placed close together, preventing social distancing.  *Id.*  The magistrate judge recommends denying the motion.[6]  Docket No. 102 at 47.  Plaintiff's guilty plea does not render this motion moot.

Defendants filed a motion for summary judgment based on plaintiffs failure to exhaust his administrative remedies.  Docket No. 58.  The magistrate judge recommends granting it.  Docket No. 102.  This motion is not mooted by plaintiff's guilty plea because, while this case remains active, plaintiff has brought suit against defendants and they are entitled to file a motion for summary judgment.

### 2. Mootness of the Case

The next issue is whether Mr. Gess's plea of guilty has rendered his claim for relief moot.  "Under Article III of the Constitution [federal courts] may only adjudicate actual, ongoing controversies."  *Honig v. Doe*, 484 U.S. 305, 317 (1988); *see also Wiley v. Nat'l Collegiate Athletic Ass'n*, 612 F.2d 473, 475 (10th Cir. 1979) (noting that mootness "has its constitutional origin in the 'case or controversy' limitation of Article III").  In determining whether a claim is moot, "[t]he crucial question is whether granting

---

[6] On November 6, 2020, defendants filed a motion for extension of time to file a response to plaintiff's motion for access until a date set by the Court, if necessary.  Docket No. 93.  On November 6, 2020, the magistrate judge granted defendants' motion.  Docket No. 95.  Plaintiff filed an objection to the magistrate judge's order on November 20, 2020.  Docket No. 97.  Defendants filed a response on December 3, 2020.  Docket No. 100.  The magistrate judge has since issued a recommendation on the motion for access, Docket No. 102, rending this objection moot.

a present determination of the issues offered will have some effect in the real world." *Citizens for Responsible Gov't State Political Action Comm. v. Davidson*, 236 F.3d 1174, 1182 (10th Cir. 2000) (internal quotations and alterations omitted). The requirement of a live controversy exists at all stages of a case, not simply at the inception of the case. *Nat'l Advertising Co. v. City & Cnty. of Denver*, 912 F.2d 405, 411 (10th Cir. 1990). When it becomes "impossible for the court to grant any effectual relief whatever to a prevailing party, [the court] must dismiss the case, rather than issue an advisory opinion." *Fleming v. Gutierrez*, 785 F.3d 442, 445 (10th Cir. 2015) (quoting *Stevenson v. Blytheville Sch. Dist. No. 5*, 762 F.3d 765, 768 (8th Cir. 2014)); *see also Ahmadabadi v. Lambrecht*, No. 19-cv-01215-KLM, 2019 WL 5084087, at *2 (D. Colo. Oct. 9, 2019) (dismissing case as moot where requested relief was no longer possible).

The only relief plaintiff seeks in his complaint is an emergency hearing[7] and pretrial release. Docket No. 5. A request for pretrial release is moot once a defendant is convicted. *See Gess*, No. 19-cr-00507-PAB-STV, Docket No. 273 (finding appeal of pretrial detention mooted by guilty plea because "Mr. Gess no longer has a legally cognizable interest in the decision whether he should have been released on bail *pending trial*."); *United States v. Vasquez*, 406 F. App'x 293, 294-95 (10th Cir. 2010) (unpublished) (finding appeal of pretrial detention mooted by guilty plea); *Murphy v. Hunt,* 455 U.S. 478, 481 (1982) (per curiam) (defendant's "claim to pretrial bail became moot following his conviction[]"); *Mallish v. Raemisch*, 662 F. App'x 584, 587 (10th Cir. 2016) (unpublished) ("Claims regarding pre-trial detention are

---

[7] Plaintiff does not explain the subject matter of the requested hearing, *see* Docket No. 5 at 6, but the Court construes the subject matter to be pretrial release.

generally mooted by a subsequent conviction."); *see also Fassler v. United States*, 858 F.2d 1016, 1018 (5th Cir.1988) ("Because [petitioner] is now legally in federal custody, we must hold that his request for release from pretrial confinement is moot.").

In this case, plaintiff's guilty plea renders it impossible for the Court to grant the requested relief. The complaint seeks an emergency hearing and pretrial release, but the Court cannot grant pretrial release to a party that has pled guilty. *See In re Overland Park Fin. Corp.*, 236 F.3d 1246, 1254 (10th Cir. 2001) ("A case is moot when it is impossible for the court to grant any effectual relief whatever to a prevailing party.") (internal quotation marks omitted). "If an actual controversy ceases to exist at any stage of litigation, the case has become moot and should be dismissed." *Nathan M. by and through Amanda M. v. Harrison School District No. 2*, 942 F.3d 1034, 1040 (10th Cir. 2019). The relief requested by plaintiff in the complaint – pretrial release – has been mooted. However, plaintiff filed two motions to amend the complaint, one of which seeks to add a claim for damages. *See* Docket Nos. 64, 71. A claim for damages would not be mooted by plaintiff's guilty plea. Therefore, the Court will consider plaintiff's motions to amend.

### B. Motions to Amend

Plaintiff filed two motions to amend his complaint.[8] *See* Docket Nos. 64, 71. Plaintiff's first motion seeks leave to "change complaint to a USC 1983 instead of a *Bivens*;" (2) assert a class action; (3) appoint pro bono counsel; and (3) seek

---

[8] The magistrate judge recommends denial of the motions to amend on the basis of failure to abide by the D.C.COLO.LCivR 15.1. Docket No. 102 at 41. Because the magistrate judge also recommends denial of the motions on the merits, the Court will examine the merits as well.

9

$1,000,000 in damages.  Docket No. 64.  Plaintiff's second motion seeks leave to (1) add Ms. Churnet and Mr. Winstead – the AUSAs prosecuting his criminal case – in their personal and professional capacities; and (2) add First, Fifth, Sixth, Eighth, and Fourteenth Amendment claims.  Docket No. 71.

Plaintiff objects to the magistrate judge's recommended denial of leave to (1) "nam[e] parties in their individual capacities nulling any immunity claims," (2) reclassify the claims as 42 U.S.C. § 1983 claims, (3) add a claim for damages, (4) appoint pro bono counsel, and (5) certify a class.  Docket No. 103 at 1, 3-4.

Rule 15(a)(2) states that courts are to grant leave to amend freely "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "A court may deny leave, however, on account of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment."  *Hasan v. AIG Prop. Cas. Co.*, 935 F.3d 1092, 1101-02 (10th Cir. 2019) (internal quotation marks omitted).  A motion to amend may be denied for futility "if the complaint, as amended, would be subject to dismissal."  *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007).  A district court is justified in denying a motion to amend as futile only if the proposed amendment cannot withstand a motion to dismiss or otherwise fails to state a claim.  *See Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992).

### 1. Second Motion to Amend

The Court first addresses plaintiff's second motion to amend because it impacts resolution of plaintiff's first motion to amend.  The original complaint was brought

against the USMS and the District Court. Docket No. 5. Plaintiff seeks leave to add Ms. Churnet and Mr. Winstead in their individual capacities for their actions regarding plea bargaining. Docket No. 71. Prosecutors enjoy absolute immunity for activities in the plea bargaining context. *See Hammond v. Bales,* 843 F.2d 1320, 1321-22 (10th Cir. 1988); *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976) (prosecutor acting within scope of official activities was immune to suit); *Hartman v. Moore*, 547 U.S. 250, 261-62 (2006) ("A Bivens (or § 1983) action . . . will not be brought against the prosecutor, who is absolutely immune from liability for the decision to prosecute."). Therefore, the claims against Ms. Churnet and Mr. Winstead are futile and the Court will deny leave to add Ms. Churnet and Mr. Winstead.

### 2. First Motion to Amend

Plaintiff's first motion to amend seeks, *inter alia*, leave to add a claim for damages. Docket No. 64. A claim for damages would be a type of relief not mooted by plaintiff's guilty plea. The magistrate judge recommended denying leave to add a claim for damages because plaintiff failed to exhaust administrative remedies and because his claim against the USMS is barred by sovereign immunity. Docket No. 102 at 43. Plaintiff objects that "[s]overeign immunity does not exclude parties from liability in their personal capacity" and all parties are "named in [their] official and personal capacit[ies]." Docket No. 103 at 3. Because the Court denies plaintiff's motion to add Ms. Churnet and Mr. Winstead as defendants, the case is brought only against the USMS and the District Court. *See* Docket No. 5.

11

Plaintiff cannot bring suit against the USMS or District Court for damages absent a waiver of sovereign immunity. *See Federal Deposit Ins. Corp. v. Meyer,* 510 U.S. 471, 483-86 (1994) (*Bivens* action may not be brought against federal agencies as such actions are barred by sovereign immunity)*; Tucker v. United States Court of Appeals for Tenth Circuit*, 815 F. App'x 292, 294 (10th Cir. 2020) (unpublished) (upholding district court's decision that the district court and the Tenth Circuit both were entitled to sovereign immunity because "[n]o waiver exists"). Given that plaintiff has not shown a waiver of sovereign immunity, the Court will overrule this objection. Plaintiff's motion to add damages is therefore futile.

The remainder of plaintiff's objections are that the Court should reclassify his claims as 42 U.S.C. § 1983 claims, appoint pro bono counsel, and certify a class. Docket No. 103 at 1, 3-4. Reclassifying plaintiff's claims from *Bivens* to § 1983 would not change the requested relief, and would therefore be futile. While "the mooting of a named plaintiff's claims *after* class certification does not moot the claims of the class," *Clark v. State Farm Mut. Auto. Ins. Co.*, 590 F.3d 1134, 1138 (10th Cir. 2009), plaintiff pled guilty before any class certification. Therefore, this objection is moot. Similarly, the appointment of pro bono counsel has no impact on the requested relief, making ths objection moot.[9]

---

[9] The magistrate judge entered an order [Docket No. 101] denying plaintiff's requests for the appointment of pro bono counsel [Docket Nos. 7, 62, 64], Motion Requesting an Independent Investigation by the FBI and DOJ [Docket No. 70], Motion to Appoint Special Counsel [Docket No. 77], and Motion for an Order to Show Cause [Docket No. 98]. The only portion of this order that plaintiff objects to is the denial of the appointment of pro bono counsel, Docket No. 103 at 4, which is moot.

## III. CONCLUSION

Because the Court has denied the motions to amend, the only relief plaintiff seeks is an emergency hearing and "[i]mmediate release on pretrial detention." Docket No. 5 at 6. The Court cannot grant this relief because plaintiff has pled guilty in his criminal case, thus rendering this case moot. Therefore, the Court will dismiss the case without prejudice. *See Lewis v. Burger King*, 398 F. App'x 323, 325 n.3 (10th Cir. 2010) (stating that dismissal due to mootness must be without prejudice).

Accordingly, it is

**ORDERED** that the Recommendation of United States Magistrate Judge Scott T. Varholak [Docket No. 102] is **ACCEPTED IN PART**. It is further

**ORDERED** that the Order of United States Magistrate Judge Scott T. Varholak [Docket No. 101] is **ACCEPTED**. It is further

**ORDERED** that plaintiff's Motion to Amend [Docket No. 64] is **DENIED**. It is further

**ORDERED** that plaintiff's Motion to Amend [Docket No. 71] is **DENIED**. It is further

**ORDERED** that plaintiff's Objection to Doc. 102 – Recommendation of Magistrate [Docket No. 103] is **OVERRULED**. It is further

**ORDERED** that plaintiff's Objection to AUSA's Position Re: Summary Judgment and Continuance [Docket No. 90] is **OVERRULED AS MOOT**. It is further

**ORDERED** that plaintiff's Objection to Continuances [Docket No. 97] is **OVERRULED AS MOOT**. It is further

**ORDERED** that plaintiff's motions for preliminary injunction [Docket No. 7, 61, 62] are **DENIED AS MOOT**.  It is further

**ORDERED** that plaintiff's Motion for a TRO Against AUSA [Docket No. 69] is **DENIED AS MOOT**.  It is further

**ORDERED** that plaintiff's Motion for a Change of Venue [Docket No. 78] is **DENIED AS MOOT**.  It is further

**ORDERED** that plaintiff's Motion for Order to FDC to Provide Adequate Pro Se Legal Access [Docket No. 89] is **DENIED AS MOOT**.[10]  It is further

**ORDERED** that defendants' Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1) & 12(b)(6) [Docket No. 56] is **DENIED AS MOOT**.  It is further

**ORDERED** that Defendants' Motion for Summary Judgment [Docket No. 58] is **DENIED AS MOOT**.  It is further

**ORDERED** that, because the relief plaintiff seeks in this case is moot, this case is **DISMISSED**.

DATED February 5, 2021.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge

---

[10] This motion is denied as moot in light of the Court's dismissal of the action.  It was not mooted by plaintiff's guilty plea.